Jason R. Flanders (SBN 238007)
Matthew C. Maclear (SBN 209228)
AQUA TERRA AERIS LAW GROUP
409 45th St.
Oakland, CA 94609
Phone: 916-202-3018
Emails: jrf@atalawgroup.com
mcm@atalawgroup.com

Attorneys for Plaintiff
BARBARA A. PECK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| BARBARA A. PECK,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CITY OF ANDERSON; and DOES 1-25<br><br>　　　　Defendant. | Civil Case No.:<br><br>**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND CIVIL PENALTIES**<br><br>**(Federal Water Pollution Control Act, 33 U.S.C. §§ 1251 *et seq*.)** |

Barbara A. Peck ("Plaintiff") by and through her counsel, hereby alleges:

## I. JURISDICTION AND VENUE

1. This is a civil suit brought under the citizen suit enforcement provision of the Federal Water Pollution Control Act, 33 U.S.C. §§ 1251 *et seq.* ("Clean Water Act" or "CWA"). *See* 33 U.S.C. § 1365. This Court has subject matter jurisdiction over the parties and this action pursuant 33 U.S.C. § 1365(a)(1) and 28 U.S.C. §§ 1331 and 2201 (an action for declaratory and injunctive relief arising under the Constitution and laws of the United States).

2. On 31 October 2014, Plaintiff issued a 60-day notice letter under the Clean Water Act ("CWA Notice Letter") to the City of Anderson. The CWA Notice Letter informed Defendant of its violations of the Clean Water Act in and throughout the Anderson River Park, situated along the banks of the Sacramento River, and at 3000 Rupert Rd., Anderson, CA 96007 ("Park"), and of Plaintiff's intention to file suit against Defendant.

3. The CWA Notice Letter was served upon the City of Anderson City Clerk, and was sent to the Administrator of the United States Environmental Protection Agency ("EPA"), the Administrator of EPA Region IX, the Executive Director of the State Water Resources Control Board ("State Board"), and the Executive Officer of the Regional Water Quality Control Board, Central Valley Region, ("Regional Board") as required by section 505(b) of the CWA, 33 U.S.C. § 1365(b)(1)(A). The CWA Notice Letter is attached hereto as **Exhibit A** and is incorporated herein by reference, as though fully set forth.

4. More than sixty days have passed since the CWA Notice Letter was served on the Defendant, and the State and Federal agencies.

5. Plaintiff is informed and believes, and thereon alleges, that neither the EPA nor the State of California has commenced or is diligently prosecuting an action to redress the violations alleged in the CWA Notice Letter and in this complaint. *See* 33 U.S.C. § 1365(b)(1)(B). This action is not barred by any prior administrative penalty under section 309(g) of the CWA, 33 U.S.C. § 1319(g).

6. Venue is proper in the Eastern District of California pursuant to section 505(c)(1) of the CWA, 33 U.S.C. § 1365(c)(1), because the source of the violations is located within this judicial district.

7. Plaintiff seeks injunctive and declaratory relief, and civil penalties, from Defendant's

violations of the procedural and substantive requirements of sections 301, 402, and 404, of the Clean Water Act, 33 U.S.C. §§ 1311(a), 1342, and 1344; and corresponding federal regulations at 40 C.F.R. §§ 230.1-230.98, and 33 C.F.R. §§ 122.1(b)(2)(iv), 122.26(b)(14)(x), and 323.1-323.6.

## II.  INTRADISTRICT ASSIGNMENT

8. Pursuant to Local Rule 120(d), intradistrict assignment of this matter to the Sacramento or Redding Divisions of the Court is appropriate in that the events or omissions which give rise to Plaintiff's claims occurred in Shasta County.

## III.  PARTIES

9. Plaintiff Barbara A. Peck ("Petitioner") is and has been a regular visitor to the Park for decades. Ms. Peck has personal experience regarding the natural habitat and wildlife that exist on Park lands and waters, and the escalating, deleterious effects that have resulted from the City's abuses of those resources. Plaintiff uses the waters and lands throughout the Park for recreational, educational, scientific, conservation, aesthetic, and spiritual purposes, which interests of Plaintiff have been, are, and will continue to be directly, adversely, and irreparably harmed by Defendant's conduct, until and unless this Court provides the relief prayed for in this Complaint.

10. Defendant City of Anderson is a municipality organized under the laws of the State of California. The City is located within Shasta County, is governed by a five-member City Council, with Melissa Hung, Mayor, and Jeff Kiser, City Manager. The City owns portions of, and, pursuant to a Cooperative Agreement and Management Plan with the California Department of Fish and Wildlife, manages all of, Anderson River Park. The City has approved, authorized, sponsored, and/or carried out the activities described herein in violation of the CWA. The City of Anderson city administration, including the Office of the City Clerk, is located at 1887 Howard Street, Anderson, CA 96007.

11. Plaintiff does not know the true names, capacities and liabilities of Defendant DOES Nos. 1-25, inclusive, and therefore sues them under fictitious names. Plaintiff will amend this Complaint to allege the true name and capacities of each DOE Defendant upon being ascertained. Each of these Defendants was in some way legally responsible for the acts, omissions and/or violations alleged herein.

12. When, in this Complaint, reference is made to any act of the Defendant, such shall be deemed to mean that the officers, directors, agents, employees, or representatives of the Defendant

committed or authorized such acts, or failed and omitted to adequately supervise or properly control or direct their employees while engaged in the management, direction, operation or control of the affairs of the Defendant, and did so while acting within the scope of their employment or agency.

### IV.     CLEAN WATER ACT LEGAL FRAMEWORK

13.     Section 301 (a) of the CWA expressly prohibits the discharge of any pollutant to a Water of the United States unless such discharge complies with the terms of any applicable NPDES permit, and sections 301, 302, 307, 308, 402, and 404 of the CWA. (33 U.S.C. §§ 131l(a)(1), 1342, 1344.)

14.     Under CWA section 402 a person may not discharge dredged or fill materials to waters of the United States without a Clean Water Act section 404 Permit. (33 U.S.C. § 1344.) Section 404 permits are issued and administered by the United States Army Corps of Engineers. (See 33 C.F.R. §§ 323.1-323.6.) Any deposit of dredged or fill material into waters of the United States in the absence of coverage under an individual or general Section 404 permit is a violation of the Clean Water Act.

15.     Among other requirements, before commencement of any activity causing the dredge or fill of materials into Waters of the United States, an applicant must demonstrate that there is no practicable alternative to the proposed discharge that would have less adverse impact on the aquatic ecosystem, and that adverse effects are avoided and/or mitigated. (See 40 C.F.R. §§ 230.1-230.98.)

16.     Although EPA is the primary administrator of the CWA, section 402 of the CWA authorizes EPA to delegate its authority to states to implement and administer the CWA. (33 U.S.C. § 1342(b).) Pursuant to this provision, California has authority to regulate discharges of pollutants by, among other actions, issuing NPDES permits to dischargers, and establishing receiving water quality standards and objectives. The State Water Resources Control Board and the nine Regional Water Quality Control Boards, including the Regional Water Quality Control Board, Central Valley Region ("Regional Board") are the California agencies bearing responsibility for issuing NPDES permits. Storm water permitting, a category of NPDES permitting, is delegated to and permits are administered by the State of California. Discharge of storm water from a land clearing and construction operation, including activities such as grading, mechanized clearing, filling, and the construction of roadways and ramps, disturbing more than one acre of land, requires coverage under a general or individual permit. (See 33 C.F.R. §§ 122.1(b)(2)(iv) and 122.26(b)(14)(x); NPDES General Permit for Storm Water Discharges

Associated with Construction and Land Disturbance Activities, Order No. 2009-009-DWQ, as modified by 2010-0014-DWQ, NPDES No. CAS000002 ("Storm Water Permit".)

17. Among other requirements, before land disturbing activity is started, the owner or operator must prepare Notice of Intent to be covered by the Storm Water Permit, and prepare a Stormwater Pollution Prevention Plan. ("SWPPP.") The SWPPP provides for use of best management practices to prevent sediment and other pollutants moving offsite in storm water.

V.   **FACTUAL BACKGROUND AND GENERAL ALLEGATIONS**

18. The Park is adjacent to the Sacramento River, and is comprised of some of the highest quality oak woodland riparian habitat remaining in the State of California.

19. The Sacramento River constitutes a Water of the United States.

20. The Park is permeated with wetlands, watercourses, ponds, groundwater seepage, and other water features, each with a significant hydrological connection to the Sacramento River (collectively, "Receiving Waters").

21. The Park is home to numerous special status species, including but not limited to, California red-legged frog, western pond turtle, Willow Flycatcher, Yellow Warbler, Yellow-breasted Chat, Blue Elderberry, and Valley Elderberry Longhorn Beetle, dependent upon the Park's riparian habitat and hydrological connections with the Sacramento River.

22. Plaintiff is informed and believes, and thereon alleges, that at various times in the days and weeks in preparation for the October 5, 2013, River Fun Mud Run, and the September 13, 2014 River Fun Mud Run, held in and throughout Anderson River Park, the City approved, constructed, caused to be constructed, and/or maintained various roadways, trenches, pits, ramps, and mechanized clearing in the Park. These activities took place on properties managed by the City of Anderson, and belonging to the City of Anderson on parcel 201-500-017-000, and on parcels belonging to the California Department of Fish and Wildlife, on parcels 201-500-018-000, 201-500-003-000, 052-060-001-000, and the Hawes 50 acre parcel.

23. On or about March 14, 2014, the City approved, managed, and caused to be constructed vegetation clearing, grading, and roadway construction in or near the Park's raft takeout area, on parcel number 201-500-003-000, occurring on or about May 12, 2014 and days following.

24. Continuously since prior to 2009, the City has actively maintained an asphalt and gravel trail along the bank of the Sacramento River on parcel number 201-500-003-000. Multiple times since construction, significant portions of the trail have washed into the Sacramento River, and have been rebuilt. Plaintiff is informed and believes that in 2011, the City replaced approximately 150 yards of washed out trail with substrate, gravel, and other materials, and this portion of this trail has eroded and continues to regularly erode into the Sacramento River.

25. Plaintiff's and the public's usage of the Receiving Waters for recreational, educational, scientific, conservation, aesthetic, and spiritual purposes, among others, have been, and continue to be, damaged by the illegal placement and discharges of fill, sediment, contaminated storm water, and other materials, into the ecologically sensitive and high-quality habitat of Receiving Waters.

## VI.     CLAIMS FOR RELIEF

### FIRST CAUSE OF ACTION
**Dredge and Fill Activities Violating the Clean Water Act**
**33 U.S.C. §§ 1311(a), 1342, 1344, 1365(a) and 1365(f)**

26. Plaintiff incorporates the allegations contained in the above paragraphs as though fully set forth herein.

27. Within the last five (5) years from the filing of the complaint and continuing through the present, subject to any relevant notice periods referenced above, Defendant has engaged in acts and omissions in violation of the CWA by unlawfully dredging and disposing of dredge materials within Waters of the United States.

28. The approval, construction, and maintenance of the roadway and ramp on parcel 201-500-017-000 of Anderson River Park for the 2013 and 2014 River Fun Mud Runs constitutes fill under the Clean Water Act. This location constitutes a Water of the United States as that term is used in the Clean Water Act. This area is within the ordinary high water mark of the Sacramento River, maintains a significant hydrological nexus to the Sacramento River, and performs important functions for floodwater storage, wildlife habitat, and water quality. The deposit of this fill material as authorized, managed, and maintained by the City, is not covered by any individual or general section 404 permit and therefore constitutes a violation of sections 301, 402, and related provisions of the Clean Water Act, and implementing regulations. Each day on which the illegal fill material remains in place constitutes a

1  violation of the Clean Water Act.

2      29.    The vegetation clearing, grading, and roadway construction in or near the Park's raft takeout area, on parcel number 201-500-003-000, as authorized, managed, and maintained by the City, constitutes dredge and fill under the Clean Water Act. This location constitutes a Water of the United States as that term is used in the Clean Water Act. This area is within the ordinary high water mark of the Sacramento River, maintains a significant hydrological nexus to the Sacramento River, and performs important functions for floodwater storage, wildlife habitat, and water quality. The deposit of this fill material, as approved, managed, and maintained by the City is not covered by any individual or general section 404 permit and therefore constitutes a violation of sections 301, 402 and related provisions of the Clean Water Act, and implementing regulations. Each day on which the illegal fill material remains in place constitutes a violation of the Clean Water Act.

    30.    Continuously since prior to 2009, the City has actively maintained an asphalt and gravel trail along the bank of the Sacramento River on parcel number 201-500-003-000. Multiple times since construction, significant portions of the trail have washed into the Sacramento River, and have been rebuilt. Plaintiff is informed and believes that in 2011, the City replaced approximately 150 yards of washed out trail with substrate, gravel, and other materials, and this portion of this trail has eroded and continues to regularly erode into the Sacramento River. The deposit of this fill material, as approved, managed, and maintained by the City, is not covered by any individual or general section 404 permit and therefore constitutes a violation of sections 301, 402 and related provisions of the Clean Water Act, and implementing regulations. Each day on which the illegal fill material remains in place constitutes a violation of the Clean Water Act.

    31.    By committing the acts and omissions alleged above, Defendant is subject to an assessment of civil penalties for each and every violation of the CWA occurring from 31 October 2009 to the present pursuant to sections 309(d) and 505 of the CWA, 33 U.S.C. §§ 1319(d), 1365, and the Adjustment of Civil Monetary Penalties for Inflation, 40 C.F.R. § 19.4 (2009).

    32.    An action for injunctive relief under the CWA is authorized by 33 U.S.C. § 1365(a). Continuing commission of the acts and omissions alleged above would irreparably harm Plaintiff and the citizens of the State of California, for which harm Plaintiff has no plain, speedy, or adequate remedy

at law.

WHEREFORE, Plaintiff prays for judgment against Defendant as set forth hereafter.

### SECOND CAUSE OF ACTION
**Stormwater Discharges in Violation of the Clean Water Act**
**33 U.S.C. §§ 1311(a), 1342, 1365(a) and 1365(f)**

33. Plaintiff incorporates the allegations contained in the above paragraphs as though fully set forth herein.

34. Within the last five (5) years from the filing of the complaint and continuing through the present, subject to any relevant notice periods referenced above, Defendant, separately and each of them, have engaged in acts and omissions in violation of the CWA by unlawfully discharging storm water and non-storm water into the Receiving Waters – waters of the United States.

35. Defendant's approval of, construction, management, and maintenance of various roadways, trenches, pits, ramps, and mechanized clearing in the Park, performed for the 2013 and 2014 River Fun Mud Runs, on properties managed by the City of Anderson, belonging to the City of Anderson on parcel number 201-500-017-000, and on parcels 201-500-018-000, 201-500-003-000, 052-060-001-000 belonging to the California Department of Fish and Wildlife, and the Hawes 50 acres parcel # 820369, disturbed greater than one acre of land, requiring CWA permit coverage though the Storm Water Permit or an individual permit. Storm water runoff from the site is not covered by any individual or general storm water permit. To the extent that any general or individual storm water permit applies, Defendant has violated the terms of the permit by failing to use best management practices, erosion control practices, and other protective terms included in those permits. Storm water runoff from the site has resulted in discharges of sediment to the Sacramento River and its tributaries throughout the Park. Each day of unpermitted runoff constitutes a separate violation of the Clean Water Act.

36. By committing the acts and omissions alleged above, Defendant is subject to an assessment of civil penalties for each and every violation of the CWA occurring from 31 October 2009 to the present pursuant to sections 309(d) and 505 of the CWA, 33 U.S.C. §§ 1319(d), 1365, and the Adjustment of Civil Monetary Penalties for Inflation, 40 C.F.R. § 19.4 (2009).

37. An action for injunctive relief under the CWA is authorized by 33 U.S.C. § 1365(a).

1  Continuing commission of the acts and omissions alleged above would irreparably harm Plaintiff and
2  the citizens of the State of California, for which harm Plaintiff has no plain, speedy, or adequate remedy
3  at law.
4        WHEREFORE, Plaintiff prays for judgment against Defendant as set forth hereafter.

**VII.   RELIEF REQUESTED**

1. Wherefore, Plaintiff respectfully request that this Court grant the following relief:

   a. A Court order declaring Defendant to have violated and to be in violation of Sections 301(a), 402, 404 of the CWA, 33 U.S.C. §§ 1311(a), 1342, 1344, for its unlawful dredge and fill of materials into Waters of the United States in violation of the substantive and procedural requirements of the CWA;

   b. A Court order enjoining Defendant from further violating the substantive and procedural requirements of the Sections 301(a), 402, 404 of the CWA, 33 U.S.C. §§ 1311(a), 1342, 1344, for its unlawful dredge and fill of materials into Waters of the United States;

   c. A Court order declaring Defendant to have violated and to be in violation of Sections 301(a), and 402 of the CWA, 33 U.S.C. §§ 1311(a), 1342, for its unlawful discharge of stormwater and non-stormwater materials into Waters of the United States in violation of the substantive and procedural requirements of the CWA;

   d. A Court order enjoining Defendant from further violating the substantive and procedural requirements of the Sections 301(a), and 402 of the CWA, 33 U.S.C. §§ 1311(a), 1342, for its unlawful discharge of stormwater and non-stormwater materials into Waters of the United States;

   e. A Court order assessing civil monetary penalties for each violation of the CWA at $37,500 per day per violation for violations occurring since 31 October 2009, as permitted by 33 U.S.C. § 1319(d) and Adjustment of Civil Monetary Penalties for Inflation, 40 C.F.R. § 19.4;

   f. A Court order awarding Plaintiff their reasonable costs of suit, including attorney, witness, expert, and consultant fees, as permitted by Section 505(d) of the Clean Water Act, 33 U.S.C. § 1365(d); California Code of Civil Procedure § 1021.5, and any other applicable provisions of law; and

   g. Any other relief as this Court may deem equitable, just and appropriate.

1 | Dated: March 16, 2015                                   Respectfully submitted,

_____
Jason Flanders
AQUA TERRA AERIS LAW GROUP
Attorneys for Plaintiff
Barbara A. Peck